# Order

Michigan Supreme Court
Lansing, Michigan

November 22, 2019

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

158749
158755-6

BRYAN PUNTURO, FAWN PUNTURO, and
B & A HOLDINGS, LLC, d/b/a PARKSHORE
RESORT, LLC,
        Plaintiffs-Appellees,

v

BRACE KERN,
        Defendant-Appellant,
and

SABURI BOYER and DANIELLE KORT,
f/k/a DANIELLE BOYER,
        Defendants.
_____/

SC: 158749
COA: 338727
Grand Traverse CC: 17-032008-CZ

BRYAN PUNTURO, FAWN PUNTURO, and
B & A HOLDINGS, LLC, d/b/a PARKSHORE
RESORT, LLC,
        Plaintiffs-Appellees,

v

BRACE KERN and SABURI BOYER,
        Defendants,
and

DANIELLE KORT, f/k/a DANIELLE BOYER,
        Defendant-Appellant.
_____/

SC: 158755
COA: 338728
Grand Traverse CC: 17-032008-CZ

BRYAN PUNTURO, FAWN PUNTURO, and
B & A HOLDINGS, LLC, d/b/a PARKSHORE
RESORT, LLC,
        Plaintiffs-Appellees,

v

BRACE KERN and DANIELLE KORT,
f/k/a DANIELLE BOYER,
        Defendants,
and

SC: 158756
COA: 338732
Grand Traverse CC: 17-032008-CZ

SABURI BOYER,
        Defendant-Appellant.

_____/

On order of the Court, the applications for leave to appeal the October 16, 2018 judgment of the Court of Appeals are considered. We direct the Clerk to schedule oral argument on the applications. MCR 7.305(H)(1).

The appellants shall file supplemental briefs within 42 days of the date of this order addressing: (1) whether, as a threshold matter, the fair reporting privilege, MCL 600.2911(3) — which can only be invoked "in a libel action" — applies in a case in which the appellants are not the media companies that published the allegedly defamatory statements, but are instead the persons who furnished the oral statements to the media; (2) whether the Court of Appeals erred in holding that the appellants' allegedly defamatory statements to the media regarding the pending litigation were not protected under the fair reporting privilege; (3) whether *Bedford v Witte*, 318 Mich App 60 (2016), was wrongly decided; and (4) whether the standards for application of the statutory fair reporting privilege are different for statements made by an attorney or by a layperson-litigant. In addition to the brief, the appellants shall electronically file appendices conforming to MCR 7.312(D)(2). In the brief, citations to the record must provide the appendix page numbers as required by MCR 7.312(B)(1). The appellees shall file a supplemental brief within 21 days of being served with the appellants' briefs. The appellees shall also electronically file an appendix, or in the alternative, stipulate to the use of the appendices filed by the appellants. Replies, if any, must be filed by the appellants within 14 days of being served with the appellees' brief. The parties should not submit mere restatements of their application papers.

The time allowed for oral argument shall be 30 minutes: 15 minutes for appellants, to be divided at their discretion, and 15 minutes for appellees. MCR 7.314(B)(1).

Persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae. Motions for permission to file briefs amicus curiae and briefs amicus curiae regarding these cases should be filed in *Punturo v Kern*, Docket No. 158749, only and served on the parties in both cases.





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 22, 2019                           _____

t1119                                         Clerk